STATE OF NORTH CAROLINA

COUNTY OF ROWAN

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
18 CVS 635

3/19/18 2:28p

RICHARD E. WINGATE, ADMINISTRATOR OF THE ESTATE OF OLIVIA JADE WINGATE,

Plaintiff,

vs.

AAA FREIGHT, INC. and IVAN MILOSAVLJEVIC,

Defendants.

COMPLAINT
(Jury Trial Demanded)

NOW COMES the Plaintiff, by and through the undersigned counsel, complaining of the Defendants, as follows:

1. That Plaintiff, Richard E. Wingate, has been duly appointed as the Administrator of the Estate of Olivia Jade Wingate, Iredell County and Plaintiff brings this action for wrongful death pursuant to N.C.G.S. 28A-18-1 and N.C.G.S. 28A-18-2.

2. Upon information and belief, the Defendant AAA Freight, Inc., hereinafter referred to as Defendant AAA Freight, is a corporation organized and existing under the laws of a foreign jurisdiction, but licensed to, and doing business, within the State of North Carolina; all allegations contained herein against Defendant AAA Freight, Inc., also refer to and include the principals, agents, employees, servants, and/or borrowed servants of Defendant AAA Freight, Inc., either directly or vicariously, under the principles of Corporate Liability, Apparent Authority, Agency, Ostensible Agency and/or Respondeat Superior.

3. Upon information and belief, the Defendant Ivan Milosavljevic, hereinafter referred to as Defendant Milosavljevic, is a citizen and resident of Justice, Illinois, and is subject to the jurisdiction of this Court; at all times relevant herein, Defendant Ivan Milosavljevic was acting within the course and scope of his employment and acting on behalf of and as an agent of his employer, Defendant AAA Freight, Inc.

4. That on or about May 26, 2016 at approximately 5:04 a.m., Olivia Jade Wingate (herein Decedent Wingate) was a pedestrian on northbound Interstate 85 near Salisbury in Rowan County, North Carolina.

5. At the same time and place as hereinabove alleged, Defendant Milosavljevic was operating a 2015 Freightliner truck, owned by Defendant AAA Freight, and was operating said truck with the full knowledge, permission and consent of Defendant AAA Freight, in the course and scope of his employment with Defendant AAA Freight, and was operating said truck in the a general northerly direction on Interstate 85 near Salisbury in Rowan County, North Carolina.

6. At the same time and place as hereinabove alleged, Defendant Milosavljevic, suddenly and without warning, carelessly and negligently, violently crashed into the rear of Decedent Wingate's car, which subsequently hit her, causing both vehicles to burst into flames, and throwing the Decedent Wingate into the far left travel lane. A witness on the scene found the Decedent Wingate still alive with a pulse and made attempts to communicate with her. She subsequently died as a result of her injuries.

7. That the Defendants, jointly and severally, were negligent in the following ways:

a. Failing to keep a proper lookout in the direction of his travel;

b. Failing to maintain the 2015 Freightliner truck under proper control and failing to apply his brakes in time to avoid colliding with Decedent Wingate's car;

c. Failing to decrease the speed of the 2015 Freightliner truck to the extent necessary to avoid colliding with any person, vehicle or other conveyance on the highway, and to avoid injury to any person or property, in violation of §20-141(m) of the General Statutes of North Carolina;

d. Operating the 2015 Freightliner truck upon a public highway or in a public vehicular area at a speed that was greater than was reasonable and prudent under the conditions then existing, in violation of §20-141 of the General Statutes of North Carolina;

e. Operating the 2015 Freightliner truck upon a public highway or in a public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights and safety of others, and without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, in violation of §20-140 of the General Statutes of North Carolina and

f. Operating the 2015 Freightliner truck in a manner which was otherwise careless and negligent.

8. The negligence of Defendant Milosavljevic is imputed to the Defendant AAA Freight as the owner of the 2015 Freightliner truck operated by Defendant Milosavljevic, who was operating said vehicle as the agent, servant and/or employee of Defendant AAA Freight and within the course and scope of such agency and employment.

9. The aforesaid negligence of the Defendants was the direct and proximate cause of the injuries sustained and ultimate wrongful death of Decedent Wingate, and as such, is liable to the Plaintiff as Administrator of the Estate for the wrongful death of Decedent Wingate.

10. The wrongful death of Decedent Wingate was directly and proximately caused by the careless, negligent, and unlawful conduct of the Defendant AAA Freight on the occasion in

question, and its negligence consisted of carelessly and negligently permitting an inexperienced driver to operate its 2015 Freightliner without adequate supervision and/or instruction.

11. That as a direct and proximate result of the aforesaid negligence of the Defendants, Plaintiff Richard E. Wingate, Administrator of the Estate of Olivia Wingate, seeks to collect any and all damages incurred by the Estate of Olivia Wingate and allowable under N.C.G.S. 28a-18-1 and N.C.G.S. 28a-8-2 including but not limited to:

a. Compensation for pre-death pain and suffering of Decedent;

b. Reasonable funeral expenses of the Decedent;

c. Present monetary value of the Decedent to the persons entitled to receive the damages recovered, including but not limited to, compensation for the loss of the reasonably expected:

i. Net income of the decedent;

ii. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered; and

iii. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered.

d. Nominal damages should a jury so find.

12. That the aforesaid damages are a direct and proximate result of the negligence of the Defendants, jointly and severally, and are in excess of Twenty Five Thousand Dollars ($25,000.00).

NOW THEREFORE, the Plaintiff prays the Court as follows:

1. That the Plaintiff has and recovers of the Defendants, jointly and severally, all damages allowable by the Estate of Olivia Wingate under the law.

2. That Plaintiff has and recovers of the Defendants, jointly and severally, a sum in excess of Twenty Five Thousand Dollars ($25,000.00).

3. That all issues of fact be tried by a jury.

4. That the costs of this action be taxed against the Defendants, jointly and severally, including a reasonable award of attorney fees pursuant to N.C.G.S. 6-21.

5 For such other relief as the Court deems just and proper.

This 15 day of March, 2018.

ANDREW FINK
Attorney for Plaintiff
NC Bar #: 16625
FINK & HAYES, PLLC
521 East Boulevard
Charlotte, North Carolina 28203
Office: 704-714-6500
Facsimile: 704-714-6501
Email: Andy@finkhayeslaw.com